**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC AMBULATORY ANESTHESIA ASSOCIATES, LLC, | : CIVIL ACTION NO. 10-6275 (MLC) |
| Plaintiff, | : **O P I N I O N** |
| v. | : |
| RICHARD RUSSOMANO, | : |
| Defendant. | : |
| RICHARD RUSSOMANO, | : |
| Third-party Plaintiff, | : |
| v. | : |
| RARITAN HIGH SCHOOL and MAGNACARE, | : |
| Third-party Defendants. | : |

**THE PLAINTIFF**, Atlantic Ambulatory Anesthesia Associates, LLC ("AAA") commenced the first-party action seeking payment for medical services against the defendant, Richard Russomano, in New Jersey state court in February 2010 ("Reimbursement Action"). (Dkt. entry no. 1, Rmv. Not. at 1.)[1]  Russomano brought a third-party action in June 2010 seeking indemnification for the claims asserted in the Reimbursement Action against two third-party defendants, Raritan High School and Mangnacare.  (Dkt. entry no. 1, Third-party Compl.)  Magnacare alone removed the entire case

---

[1] The Westlaw database confirms that the Reimbursement Action was commenced in February 2010 under state court number DC-3891-10.

from state court based upon Magnacare's assertion that "[t]his matter arises out of claims by a healthcare provider for non-payment of healthcare services provided to [AAA's] patient [i.e., Russomano,] and claims for the denial of alleged group health insurance coverage", and thus "[s]ubject matter jurisdiction is . . . under 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq." (Rmv. Not. at 2.)

**WHETHER** a third-party defendant may seek the removal of an entire case is an open question. See Bank of N.Y. v. Ukpe, No. 09-1710, 2009 WL 4895253, at *5-6 (D.N.J. Dec. 9, 2009) (discussing same). Assuming, arguendo, that such a removal is permitted, a third-party defendant may remove an entire case only if the third-party claims are "separate and independent" from the first-party claims. Id. at *6. Thus, if a third-party claim is "substantially derived from the same set of facts" as a first-party claim that is no longer removable, then the third-party claim is not a separate and independent claim. Id. at *7. Russomano's third-party indemnification claims are substantially derived from the Reimbursement Action, and thus Magnacare cannot remove them. See id. at *1-2, *7 (remanding entire case where first-party plaintiff brought state-court foreclosure action, defendant brought third-party claim under federal law, and third-party defendant removed entire case); see also Somerset Med. Ctr.

2

v. Jewett, No. 08-5135, 2009 WL 792269, at *4 (D.N.J. Mar. 23, 2009) (remanding entire case where plaintiff medical provider brought state-court collection action, defendant brought third-party indemnification action, and third-party defendant removed under ERISA, because (1) defendant's indemnification claim against third-party defendant arose directly from plaintiff's claim for payment, and (2) right to indemnification was dependent on judgment being awarded against defendant); Hackensack Univ. Med. Ctr. v. Lagno, No. 06-687, 2006 WL 3246582, at *6 (D.N.J. Nov. 3, 2006) (same).  Therefore, the Court will remand the entire case.  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated:  December 7, 2010